IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. FARLEY, | No. 2:14-cv-1880-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| RON RACKLEY, et al., | |
| Defendant. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

      On November 19, 2014, plaintiff was ordered to file a *complete* application to proceed in forma pauperis, along with a certified copy of his trust account statement for the six-month period immediately preceding the filing of the complaint, or pay the required filing fee in order to proceed in this action. See 28 U.S.C. §§ 1914(a), 1915(a), (a)(2).  On December 24, 2014, plaintiff filed a new motion to proceed in forma pauperis (Doc. 8), but again failed to include the required certified copy of his trust account statement.  This statement is required to be filed with the application.  Until plaintiff files a complete application, he will not be able to proceed in this action.

1

Plaintiff will be provided another opportunity to submit either a *completed* application to proceed in forma pauperis or pay the appropriate filing fee. Plaintiff is warned that failure to resolve the fee status of this case within the time provided may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

In addition, plaintiff has requested the appointment of counsel (Doc. 3). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. While petitioner indicates he has some mental disabilities, he has demonstrated sufficient writing ability to articulate his claim and communicate effectively with the court. The facts he alleges and the issues raised in this case are not of substantial complexity. Based on the limited information before the court at this time, it does not appear that there is a high likelihood of success on the merits of plaintiff's claims. Rather, it would appear that his claim, although couched as freedom of religion claim, relates to the condition of the food he was served rather the being denied food which satisfies the dietary laws of his religion. In addition, it would appear that the claims raised in the complaint are unexhausted, which would likely result in the

dismissal of this action as prematurely filed.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 8) is denied as incomplete;

2. Plaintiff shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a *complete* application for leave to proceed in forma pauperis, *with* the required certified copy of his trust account statement, or the appropriate filing fee;

3. The Clerk of the Court is directed to send plaintiff a new form Application to Proceed In Forma Pauperis By a Prisoner; and

4. Plaintiff's motion to appoint counsel (Doc. 3) is denied.

DATED:  January 28, 2015

　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
　　　　　　　　　　　　　　　　　　CRAIG M. KELLISON
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned acknowledges the defendant will have the burden of showing the claims as unexhausted.  See Albino v. Baca, 697 F.3d 1023 (9th Cir. 2012).  However, in terms of likelihood of success of this action, it would appear that plaintiff has filed this action prematurely.